## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRADLEY AMMERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01047-JD |
| | ) | |
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Capital One Bank's ("Capital One") Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [Doc. No. 10]. Plaintiff Bradley Ammerman responded in opposition [Doc. No. 13], and Capital One replied in support of the Motion [Doc. No. 14].[1]

Also before the Court is Plaintiff Bradley Ammerman's Motion for Leave to File a Proposed Second Amended Complaint ("Motion for Leave to Amend") [Doc. No. 18]. Capital One responded in opposition [Doc. No. 19], and Mr. Ammerman replied in support of the Motion for Leave to Amend [Doc. No. 20].

Upon consideration, and under the legal standards described below, the Court grants Capital One's Motion, denies Mr. Ammerman's Motion for Leave to Amend, and dismisses the action.

---

[1] In citing the parties' briefing in this order, the Court uses page numbering from the CM/ECF stamp across the top of district court docket filings.

## I.    <u>BACKGROUND</u>

This case concerns a consumer debt allegedly owed by Mr. Ammerman to Capital One in the approximate amount of $29,901. [Doc. No. 8 ¶ 5].[2]

Mr. Ammerman filed an initial small claims action against Capital One in state court asserting a Fair Credit Reporting Act ("FCRA") claim that was removed to this Court by Capital One. [Doc. No. 1; Doc. No. 1-1 at 2]. After Capital One filed a motion to dismiss the first action, Mr. Ammerman voluntarily dismissed the first action on September 16, 2025. *See Ammerman v. Capital One Bank*, Case No. 25-cv-00598-JD (W.D. Okla.).

On August 1, 2025, during the pendency of the first action, Mr. Ammerman filed a second small claims action in state court against Capital One. [Doc. No. 1-2]. He alleged that Capital One reported "false information about an account to credit bureaus." *Id.* at 1.

Capital One removed the second action, which represents this action, based on federal question jurisdiction under 28 U.S.C. § 1331 because Mr. Ammerman alleged a FCRA claim. [Doc. No. 1 ¶ 1]. After Capital One moved to dismiss, Mr. Ammerman filed an Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), which rendered moot Capital One's motion. [Doc. Nos. 7–9].

In his Amended Complaint, Mr. Ammerman alleges he disputed the consumer debt with Capital One in writing and that Capital One failed to provide proper validation while

---

[2] Capital One notes that Ammerman's caption reading "Capital One Bank" is incorrect and that it should instead read "Capital One, N.A." [Doc. No. 10 at 8]. The Court treats these designations as equivalent for purposes of this action.

continuing to report negative information to the credit bureaus. [Doc. No. 8 ¶¶ 6–8]. Mr. Ammerman contends Capital One's "conduct constitutes unfair and deceptive practices under federal and Oklahoma law." *Id.* ¶ 9.

Mr. Ammerman alleges Capital One violated: (1) the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692g(b); (2) FCRA at 15 U.S.C. § 1681s-2(a), (b); and (3) the Oklahoma Consumer Protection Act ("OCPA") at 15 Okla. Stat. § 751 and related provisions. *Id.* ¶¶ 10–15. Mr. Ammerman claims he has been harmed via (1) "[d]amage to credit reputation," (2) "[d]enial of credit opportunities," and (3) "[e]motional distress and inconvenience." *Id.* ¶ 16. Mr. Ammerman requests "$29,901" in actual damages, in addition to costs, punitive damages, and statutory damages under the FDCPA and FCRA. *Id.* at 3–4.

Capital One then filed the instant Motion seeking to dismiss Plaintiff's Amended Complaint with prejudice. [Doc. No. 10]. After the conclusion of briefing on Capital One's Motion, Mr. Ammerman filed the Motion for Leave to Amend, which seeks to assert only a FCRA claim and to abandon his claims relating to FDCPA and OCPA in the proposed Second Amended Complaint. [Doc. No. 18]; *see also* [Doc. No. 20 at 2] (explaining that he is "abandoning previously challenged theories and focusing solely on a single statutory claim under 15 U.S.C. § 1681s-2(b)").

## II.   LEGAL STANDARDS

### A.   Motion to dismiss standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

B.    **Motion for leave to amend standards**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or leave of court and that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2) grants the Court "wide discretion" to grant a motion to amend. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999). However, the Court may deny a motion to amend in certain circumstances, including when the amendment would be futile because the amended claim would be subject to dismissal. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . .").

## III.   <u>ANALYSIS</u>

The Court first examines Mr. Ammerman's claim under the FDCPA and concludes that claim should be dismissed. The Court next considers his OCPA claim and concludes it is not legally sufficient to state a claim and should be dismissed.[3] Finally, the Court analyzes Mr. Ammerman's FCRA claim in his Amended Complaint, as well as his Motion for Leave to Amend that claim. The Court determines that Mr. Ammerman has

---

[3] Because the Court has federal question jurisdiction, it exercises supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(a).

failed to state a FCRA claim in his Amended Complaint and that his proposed amendment to his FCRA claim would be subject to dismissal and is therefore futile.

### A.    Capital One is not a debt collector within the meaning of the FDCPA, so the Court dismisses the FDCPA claim.

Capital One argues it is not a debt collector because the FDCPA contemplates only entities that collect debts on behalf of *another* entity, whereas Capital One is seeking to collect debts on its own behalf. [Doc. No. 10 at 4–5]. Mr. Ammerman responds that this is "a factual issue" because "[t]he FDCPA extends to entities who, at the time of collection, act as debt collectors or use names other than their own to collect debts in default." [Doc. No. 13 at 2] (citing *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012)). Capital One replies that Mr. Ammerman "misses the point," and the Court agrees with Capital One. [Doc. No. 14 at 3].

The FDCPA defines a debt collector as one "who regularly collects or attempts to collect" debts "owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added). The law specifically clarifies that an "officer or employee of a creditor" who collects debts owed to the *company itself* is not a debt collector. *Id.* § 1692a(6)(A). Mr. Ammerman provides no case law supporting a differing construction. Nor does Mr. Ammerman allege that Capital One used a name other than its own when collecting the debt he allegedly owes to Capital One—rather, he alleges that the disputed debt is between himself and Capital One. [Doc. No. 8 ¶¶ 5, 11]; *see also Bridge*, 681 F.3d at 358 (reciting 15 U.S.C. § 1692a(6)'s inclusion in the definition of "debt collector" those who "use[] any [other] name . . . which would indicate that a third person is collecting or attempting to collect

6

such debts"). The plain language of the FDCPA controls; Mr. Ammerman has not stated a claim.

Mr. Ammerman can make no amendment that would cause his FDCPA claim to become meritorious because Capital One is not a debt collector. Moreover, in his proposed Second Amended Complaint, he acknowledges that he has abandoned this claim. [Doc. No. 20 at 2]. Accordingly, the Court dismisses his FDCPA claim with prejudice.

### B.    Ammerman fails to state an OCPA claim, and the Court dismisses the OCPA claim.

Capital One argues Mr. Ammerman's OCPA claim fails to satisfy federal pleading standards and is preempted by FCRA as the statutory scheme regulating all aspects of credit reporting. [Doc. No. 10 at 6–7]. Mr. Ammerman contends the claim presents "mixed issues of law and fact" that should not be resolved on a motion to dismiss. [Doc. No. 13 at 3].[4] The Court agrees with Capital One.

First, Mr. Ammerman's OCPA claim does not state a plausible claim. To state a claim, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While the Court must accept well-pleaded factual allegations as true, that "tenet . . . is inapplicable to legal conclusions."

---

[4] Mr. Ammerman argues his claim implicates collection attempts (and not merely credit reporting), but the contents of his Amended Complaint contradict that assertion. Mr. Ammerman makes no reference to collection attempts—his "factual background" section references only Capital One's reporting actions, not its collection attempts. [Doc. No. 8 ¶¶ 5–9].

*Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Mr. Ammerman's Amended Complaint contains a single statement on his OCPA claim: "Defendant engaged in deceptive and unfair trade practices in violation of [the OCPA] by attempting to enforce an unverified debt." [Doc. No. 8 ¶ 15]. This is a quintessential "threadbare recital" that does not suffice to state a plausible claim. *Iqbal*, 556 U.S. at 678–79. This is independently sufficient to warrant dismissal under Federal Rule of Civil Procedure 12(b)(6).

Second, Capital One's preemption argument is well taken. The Supremacy Clause of the United States Constitution states that "the Laws of the United States . . . shall be the supreme Law of the Land . . . [the] Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. "Congress can define explicitly the extent to which its enactments pre-empt state law." *Choate v. Champion Home Builders Co.*, 222 F.3d 788, 792 (10th Cir. 2000) (quoting *English v. Gen. Elec. Co.*, 496 U.S. 72, 78 (1990)). And the FCRA itself directly states that "[n]o requirement or prohibition may be imposed under the laws of any State--(1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F).

The plain language of the statute clearly preempts the state law claim, as recognized by the Tenth Circuit and district courts in the circuit. In *Pinson v. Equifax Credit Information Services*, the plaintiffs contended Capital One violated the FCRA and Oklahoma tort law by furnishing false and inaccurate information to the consumer

reporting agencies. 316 F. App'x 744, 747, 750–51 (10th Cir. 2009) (unpublished). The Tenth Circuit, however, rejected the plaintiffs' attempt to use Oklahoma state law, determining that their "state-law claims were preempted by the FCRA [and] the district court was correct to grant Capital One's motion to dismiss." *Id.* at 751. District courts in the Tenth Circuit have reached similar conclusions on state law claims based on the language of the statute. *See, e.g.*, *Taylor v. Discover Card Servs., Inc.*, Case No. CIV-15-126-RAW, 2016 WL 1070711, at *2 (E.D. Okla. Mar. 18, 2016) (recognizing that the FCRA preempts state law claims for defamation, fraud, and intentional infliction of emotional distress); *Dill v. Comenity Bank/Sports Auth.*, No. CIV-13-1321-D, 2014 WL 1432502, at *3 (W.D. Okla. Apr. 14, 2014) (dismissing the defamation claim against the defendant as preempted by § 1681t(b)(1)(F)) (citing *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir. 2011) and *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011)); *Thomas v. Wells Fargo Bank, N.A.*, No. 2:13-CV-686-PMW, 2014 WL 657394, at *4 (D. Utah Feb. 20, 2014) (agreeing with the defendant that FCRA preempted claim under the Utah Consumer Sales Practices Act where the claim was based upon the defendant's furnishing of credit information to the consumer reporting agencies); *Campbell v. Countrywide Home Loans, Inc.*, Case No. CIV-08-761-R, 2008 WL 11420073, at *3 (W.D. Okla. Sept. 22, 2008) (concluding that FCRA, specifically § 1681t(b)(1)(F), preempts the plaintiff's state law claims, including those based on alleged credit reporting errors).

Further, in his proposed Second Amended Complaint, Mr. Ammerman narrows his theories and abandons his OCPA claim. [Doc. No. 20 at 2] (explaining that he abandons the challenged theories). Therefore, the Court dismisses the OCPA claim with prejudice.

**C.    Ammerman fails to state a FCRA claim, and his proposed amendment would be futile; thus, the Court dismisses the FCRA claim.**

*1.    Ammerman fails to state a FCRA claim in the Amended Complaint.*

Regarding Ammerman's FCRA claim in his Amended Complaint, Capital One argues that 15 U.S.C. § 1681s-2(a) does not create a private right of action based on reporting allegedly incorrect information to a consumer reporting agency ("CRA") and that Ammerman has not stated a claim for any violation of § 1681s-2(b). [Doc. No. 10 at 5–6].[5] Mr. Ammerman concedes that 15 U.S.C. § 1681s-2(a) does not create a private right of action. [Doc. No. 13 at 2]; *see also Pinson*, 316 F. App'x at 751 ("[Section] 1681s-2(a) provides no private cause of action . . . ."). Thus, dismissal of that claim is appropriate. *See* [Doc. No. 8 ¶ 13].

Mr. Ammerman asserts, however, that he has a plausible claim under § 1681s-2(b) because Capital One "continued to report inaccurate information after [the] dispute." [Doc. No. 13 at 2]. In reply, Capital One points out that Ammerman has not stated a claim under § 1681s-2(b) because he does not allege facts to indicate that he submitted a

---

[5] Although Capital One defines CRA as credit reporting agency, *see* [Doc. No. 10 at 5; Doc. No. 14 at 5], the Court uses the language from the statute, consumer reporting agency, which is the same language the Tenth Circuit used in *Pinson*, 316 F. App'x at 747.

dispute of the alleged debt to a CRA or that a CRA notified Capital One. [Doc. No. 14 at 5]. Capital One is correct.

Mr. Ammerman's Amended Complaint is like that at issue in *Pinson*, where the Tenth Circuit reasoned that "because the amended complaint allege[d] only that the [plaintiffs]—not any CRA—notified Capital One that its information was in dispute, the [plaintiffs] failed to state a claim against Capital One under" § 1681s-2(b). 316 F. App'x at 751. Nothing on the face of Mr. Ammerman's Amended Complaint alleges that a CRA notified Capital One of a dispute. Mr. Ammerman's Amended Complaint fails to state a FCRA claim.

### 2.     *Ammerman's amendment to his FCRA claim would be futile.*

Mr. Ammerman separately moved to file a Second Amended Complaint to seek to state only a FCRA claim under § 1681s-2(b). [Doc. No. 18]; *see also* [Doc. No. 20 at 2] ("Plaintiff's proposed Second Amended Complaint narrows the case by abandoning previously challenged theories and focusing solely on a single statutory claim under 15 U.S.C. § 1681s-2(b).").[6] Ammerman proposes to plead that he "submitted a dispute to one or more CRAs . . . challenging [Capital One's] reporting on the Account," that  "the CRA(s) notified [Capital One] of Plaintiff's dispute," that Capital One "received notice of the dispute(s) from the CRA(s)" and that "[a]fter receiving CRA notice, [Capital One]

---

[6] To the extent Mr. Ammerman purports to assert a claim for declaratory relief regarding Capital One's alleged violation of § 1681s-2(b), *see* [Doc. No. 18-1 ¶¶ 26–28], he concedes that "[c]ourts routinely treat requests for declaratory relief as a form of relief, not a standalone claim." [Doc. No. 20 at 3]. Thus, the Court's analysis on the proposed Second Amended Complaint turns on whether Ammerman has stated a plausible claim under § 1681s-2(b).

failed to conduct a reasonable investigation of the disputed information." [Doc. No. 18-1 ¶¶ 8–11].

Capital One opposes the Motion for Leave to Amend, arguing that his proposed amendment is futile because Mr. Ammerman asserts no facts and instead merely recites the elements. [Doc. No. 19]. Mr. Ammerman counters that "specificity is not required at this stage—particularly where such information is uniquely within [Capital One's] possession and would be developed through discovery." [Doc. No. 20 at 3].

Mr. Ammerman's proposed amended § 1681s-2(b) claim consists of "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," which the Supreme Court has stated is insufficient to state a claim. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). While Mr. Ammerman states that Capital One received notice of a dispute from CRAs, he fails to allege the inaccurate information that he disputed with the CRAs or any facts to support his conclusory statement that "Defendant failed to conduct a reasonable investigation." [Doc. No. 18-1 ¶¶ 11, 13].

As Capital One explains in its response, Mr. Ammerman fails to allege any facts showing the inaccurate information he disputed with the CRAs. [Doc. No. 19 at 6–7]. Instead, he merely alleges that he "submitted a dispute to one or more CRAs . . . challenging [Capital One's] reporting on the Account." [Doc. No. 18-1 ¶ 8]. Courts have recognized that this sort of conclusory pleading is insufficient to state a claim under

§ 1681s-2(b). *See, e.g.*, *Reeves v. Nelnet Loan Servs.*, No. 4:17-cv-3726, 2018 WL
2200112, at *4 (S.D. Tex. May 14, 2018) (explaining that the plaintiff's failure to "allege
what, if any, information she provided to [the CRAs] in connection with her dispute
letter" and mere allegation she submitted a dispute to the CRAs "amount[s] to little more
than a formalistic recitation of the applicable statutory language"); *Littleton v. Experian
Info. Sols., Inc.*, No. 5:15-cv-01619-EJD, 2015 WL 4638308, at *2 (N.D. Cal. Aug. 4,
2015) (agreeing with the defendant that the FCRA claim was insufficient because the
plaintiff "failed to describe what information [the defendant] allegedly communicated to
the consumer reporting agencies, as well as why this information was inaccurate"
because "these facts are necessary to state a claim under § 1681s-2(b) that is plausible
rather than merely speculative").

Additionally, Mr. Ammerman fails to allege facts demonstrating Capital One's
investigation after receiving notice from the CRAs was unreasonable. *Cf. Maiteki v.
Marten Transp. Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016) (explaining that the
reasonableness of the investigation "turns on what relevant information was provided to a
furnisher by the CRA giving notice of a dispute" (citation omitted)). Rather, Ammerman
alleges a conclusion that Capital One "failed to conduct a reasonable investigation of the
disputed information." [Doc. No. 18-1 ¶ 11]. Courts have dismissed similar FCRA claims
where the plaintiff failed to include facts about the reasonableness of the investigation.
*See, e.g.*, *Hampton v. Barclays Bank Del.*, No. 18-4071-DDC-ADM, 2019 WL 6727083,
at *9–10 (D. Kan. Dec. 11, 2019) (concluding that the plaintiff's complaint "contains no
factual allegations to support his conclusory assertion that [defendants] failed to

investigate the dispute" and that "mere disagreement with what [the defendants] reported doesn't support a plausible inference that [the defendants] failed to investigate the dispute"); *Reeves*, 2018 WL 2200112, at *4 (granting motions to dismiss § 1681s-2(b) claims where the plaintiff "does not identify in any way in the Amended Complaint the information Defendants received from the CRAs but failed to consider in their investigations related to her dispute"); *Iyigun v. Cavalry Portfolio Servs., LLC*, No. CV-12-8682-MWF (JEMx), 2013 WL 950947, at *2 (C.D. Cal. Mar. 12, 2013) ("The SAC does not include any allegations as to the impropriety of Cavalry's investigation or any factual basis for a contention that the investigation was defective.").

Moreover, contrary to Mr. Ammerman's argument that his claim should advance past the pleadings stage because it can be developed through discovery, "discovery is not a tool to be used to cure pleading deficiencies." *Hoang v. Wilkie*, No. 1:18-cv-01755-RM-KLM, 2020 WL 6156563, at *7 (D. Colo. Oct. 21, 2020). As the Supreme Court has recognized, "a plaintiff armed with nothing more than conclusions" is not entitled to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79. Thus, if a plaintiff does not first state a plausible claim, then "he is not entitled to discovery." *Id.* at 686; *see also Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 150 (10th Cir. 2022) (same).

Because the proposed § 1681s-2(b) claim in the Second Amended Complaint is insufficient to state a plausible claim for relief, the Court denies the Motion for Leave to Amend. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (considering the sufficiency of the claim plaintiff sought to add

in its second amended complaint to determine whether the district court should have granted leave to amend); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Consequently, the Court dismisses the claim with prejudice. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997) (noting that dismissal of the claim with prejudice is appropriate where the amendment would be futile).

## IV.    <u>CONCLUSION</u>

For these reasons, the Court GRANTS Capital One's Motion to Dismiss and DISMISSES Plaintiff Ammerman's claims with prejudice. A separate judgment will follow.

IT IS SO ORDERED this 5th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE